IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH B. FARRIS, JR.,** ) | |
| **IDOC # M-24448, CCDC # 20160127118** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-302-MJR |
| ) | |
| **UNKNOWN PARTY (IDOC Senior** ) | |
| **Parole Agent, Parole Officers),** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at the Cook County Department of Corrections ("CCDC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants misapplied credit that he should have received while serving a term of parole, and as a result, he was held in prison at Robinson Correctional Center ("Robinson") for an additional 90 days beyond what he should have served on a later felony sentence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that

refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim survives threshold review under § 1915A.

**The Complaint**

On September 17, 2013, Plaintiff was released from prison to serve a two-year parole term on a felony sentence (Doc. 1, p. 4). On March 31, 2014, about six months into Plaintiff's parole term, he was arrested on a new charge (damage to property). While in the CCDC following that arrest, Plaintiff met with a parole agent (name unknown) who told him that his parole was not violated and his parole time was still running. Between that time and March

2015, Plaintiff saw the parole agent three other times, and was similarly told that his parole was not violated.

However, on March 31, 2015, Plaintiff's parole was violated after all, on the basis of the March 2014 arrest. As a result, Plaintiff claims, he was not given credit for the parole time he served while in the CCDC, and was made to serve an extra 90 days in prison (at Robinson) on the sentence that was imposed for the March 2014 damage-to-property offense. He maintains that his parole time was (as he had been told) still running while he was awaiting resolution of the new criminal charge, and should have continued to run until the time his parole violation was filed. He thus should have had parole time credit for the year between the March 2014 arrest and the March 2015 action to declare him in violation of his parole. Without that credit, his incarceration at Robinson on the property damage conviction was extended by three months.

Plaintiff filed a grievance while he was in Robinson over the prolonged incarceration, but was told he could not pursue a grievance over the matter. He was unable to get the address to send his complaint to the proper recipient. The complaint does not make clear what office Plaintiff was told he must contact (Doc. 1, p. 5).

Plaintiff seeks monetary damages (Doc. 1, p. 6).

**Motion to Add Defendant (Doc. 6)**

Through this motion, Plaintiff seeks to add the Illinois Prisoner Review Board as a Defendant. He does not request any other changes or amendments to his complaint. This motion shall be denied.

Plaintiff cannot maintain a claim for money damages against the Illinois Prisoner Review Board, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Because no damages can be awarded against the Illinois Prisoner Review Board, it would be futile for the Court to allow Plaintiff to add or substitute that entity as a party to the lawsuit.

If Plaintiff succeeds in identifying the individual state official(s) whose actions resulted in his incarceration being improperly extended, he may file a motion to substitute those individuals as parties to the action.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Plaintiff claims that he was required to serve 90 days longer than he should have spent in prison at Robinson, when he was denied credit against his sentence for the year he was detained at the CCDC between March 2014 and March 2015. A wrongfully lengthened sentence does implicate a liberty interest. As such, Plaintiff presents a cognizable due process claim regarding the extension of his incarceration.

If Plaintiff were still incarcerated as a result of the property damage conviction, the proper method for challenging a wrongfully extended sentence would be habeas corpus after Plaintiff had exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). However, Plaintiff is apparently no longer being held on the property damage felony, but is in custody at the CCDC on another matter. He does not seek release, which would require a habeas corpus action; he seeks damages. And while recovery under § 1983 for unconstitutional conviction or imprisonment requires that the conviction or sentence be "reversed, expunged, invalidated, or impugned by the grant of a writ of

habeas corpus," *Heck*, 512 U.S. at 489, it appears that Plaintiff's claim is not a challenge to the state court's judgment of conviction that imposed the property damage sentence. It is, instead, "an argument that the prison system failed to implement the state courts' decisions and thus defendants have deprived him of liberty without due process of law." *Bey v. Schwartz,* No. 12-1373, Doc. 00711806143, (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11-951-GPM (Doc. 29-1).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable due process claim against the Unknown Party Defendant(s) for failing to credit Plaintiff's previously-served parole time against the sentence he was serving at Robinson, thus improperly extending his incarceration for 90 days.

In order for this claim to proceed, however, the unknown party/parties who were responsible for determining Plaintiff's sentence credit while he was at Robinson must be identified by name. To that end, the Court shall add the Warden of Robinson, in his official capacity only, as a party to the action for the sole purpose of responding to such reasonable discovery requests as Plaintiff may submit so that the identity of these Defendant(s) may be obtained. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (collecting cases) (court may employ various means to facilitate *pro se* prisoner's discovery of identities of parties who may have violated his rights). Plaintiff shall note that the addition of the Warden as a Defendant at this stage for the purposes of discovery does not suggest that he shares any liability for the alleged due process violations, and the complaint contains no allegations that implicate him in any wrongdoing.

**<u>Pending Motions</u>**

Plaintiff's motions for recruitment of counsel (Docs. 3 and 15) shall be referred to

the United States Magistrate Judge for further consideration.

The motion to amend the complaint to include an additional Defendant (the Prisoner Review Board) (Doc. 6) is **DENIED** for the reasons stated above.

**Disposition**

The Clerk is **DIRECTED** to add the Warden, Robinson Correctional Center (official capacity) as a Defendant.  *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

The Clerk of Court shall prepare for Defendant **WARDEN, ROBINSON CORRECTIONAL CENTER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by

the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 3 & 15).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 8, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
